**W. Dorrean GRAVES, Appellant,**

v.

**Lorraine DUGANNE et al., Appellees.**

**No. 75–1231.**

United States Court of Appeals,
Ninth Circuit.

Aug. 30, 1978.

Jerry D. Anker (argued), of Lichtman, Abeles, Anker & Nagle, Washington, D. C., for appellant.

Lawrence Wright (argued), of Snell & Wilmer, Phoenix, Ariz., for appellees.

Before CHAMBERS and GOODWIN, Circuit Judges, and CONTI *, District Judge.

CHAMBERS, Circuit Judge:

Graves, formerly a probationary school-teacher in Ganado, Arizona, brought a civil rights action against the superintendent of the school district and members of the school board after her teaching contract was not renewed. According to the letter notifying Graves of the board's decision, the reasons for the action was:

> [T]he lack of acceptance by the community of your out-of-school activities and the example which you are setting for the young people of the school district with your personal behavior.

Graves complained that the termination violated her constitutional rights of privacy and association. In addition, she contended that the failure of the board to grant her a hearing violated her right to due process. The district court ordered the parties to select an impartial panel from among members of the education community to hold a hearing, determine the facts and make a recommendation to the board. The board was to reconsider the matter in light of the

* The Honorable Samuel Conti, United States District Judge for the Northern District of California, sitting by designation.

findings of the panel, giving reasons for its final decision. A majority of the panel found "no proof" of misconduct on the part of Graves and recommended that she be rehired. The board stood by its original decision. The court granted summary judgment for defendants and Graves appeals.

Graves argues that she was not accorded sufficient due process. The district court concluded that the reasons for not renewing her contract infringed on her interest in liberty under the 14th amendment. In light of *Bishop v. Wood*, 426 U.S. 341, 349, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) and *Codd v. Velger*, 429 U.S. 624, 627–628, 97 S.Ct. 882, 883–884, 51 L.Ed.2d 92, 96–97 (1977), we are not so certain. The district court did not have the benefit of these cases when it ruled. However, we do not decide this case on that ground.

■ Where liberty interests are involved, the only purpose of a hearing is to give the injured employee an opportunity to clear her name. *Codd v. Velger, supra.* Under the facts of our case, a posttermination hearing was adequate to protect the liberty interest of Graves. *See Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 283, 97 S.Ct. 568, 573, 50 L.Ed.2d 471, 481 (1977). The district court did not err in failing to reinstate Graves with back pay pending a hearing.

■ And the district court properly left the board with the ultimate decision whether to rehire her. Where a nontenured employee has been stigmatized by a termination, the scope of the hearing is limited to whether the allegations of misconduct are true. *Codd v. Velger, supra.* Assuming a liberty interest is involved, Graves was entitled to a hearing to establish that the innuendo was wrong. But she was not entitled to a hearing to decide whether under all the circumstances her contract should have been renewed. She had no property interest in continued employment. Therefore once she had an opportunity to clear herself of any suggestion of impropriety, the constitutional concept of due process would not be offended if the board denied her future employment for other reasons or for no reason. *See Codd v. Velger, supra; Board of Regents v. Roth*, 408 U.S. 564, 573 n. 12, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ Nor do we agree that the board's actions in rejecting the recommendation of a majority of the panel violated Graves' right to due process. The panel concluded there was "no incontrovertible evidence" of improper conduct by Graves. In light of the equivocal way the report of the majority is drafted, the board did not violate her right of due process in the course of rejecting the recommendation of a majority of the panel. However, to lessen or avoid any stigma that might otherwise attach to Graves' teaching record, the board should clean up its minutes. This can be done by expunging from its minutes, records and reports all references to reasons or grounds for failing to rehire Graves.

■ The district court properly granted summary judgment on her cause of action for violation of her right to privacy. This case involves no direct attempt to regulate private conduct. *Compare Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

The district court did not abuse its discretion in awarding costs to defendants under Fed.R.Civ.P. 54(d).

Judgment in favor of defendants is AFFIRMED. The case is remanded for action by the board consistent with this opinion.

GOODWIN, Circuit Judge, concurring in part and dissenting in part:

Issues remain which should preclude the district court's grant of summary judgment for the school board. The board imposed an impermissible stigma on Graves by firing her without a hearing and making more or less public its reasons for termination. A copy of the board's letter in her placement file at Northern Arizona University may effectively prevent her from finding other

employment. At least the question calls for trial.

I agree that Graves did not have a property interest in her position and is not entitled to reinstatement and back pay as such. But the board, after trial, could be liable for damages for any losses Graves sustained as a result of the manner in which her case was handled. Those losses could be calculated by the trier for the period of the stigma, less mitigation. The record also satisfies me that there was a triable issue whether the board was biased against Graves. If found to have been biased, the board could not properly reject the hearing board's recommendation that she be re-hired. These questions might also affect the amount of her damages.

The majority apparently expects the board to remove all traces of its reasons for firing Graves from its records. I doubt the efficacy of the hortatory remand. I would vacate the summary judgment and try the remaining issues.