Douglas EAMES, Appellant,

v.

The CITY OF LOGAN, UTAH, a Municipal Corporation; Newell G. Daines, in his Individual and Official Capacity as Mayor of the City of Logan, Utah; Does 1 through 25, Inclusive, Appellees.

No. 83-1544.

United States Court of Appeals, Tenth Circuit.

May 13, 1985.

---

Elliott Levine, Anderson & Holland, Salt Lake City, Utah, for appellant.

W. Scott Barrett, Barrett & Brady, Logan, Utah, for appellees.

Before SEYMOUR and DOYLE, Circuit Judges, and CARRIGAN, District Judge *.

WILLIAM E. DOYLE, Circuit Judge.

This matter seeks a review of a judgment of the United States District Court for the District of Utah. That court ordered a dismissal of plaintiff's complaint for failure to state a claim upon which relief could be granted.

The plaintiff was Director of Parks for the City of Logan, Utah. As the head of such a city department, he was classified as an employee at will and was subject to dismissal without cause. On May 11, 1982, he was suspended from his job by the Mayor of Logan. No reasons were given for the suspension, pending the outcome of an investigation. On June 7, 1982, the City concluded its investigation and terminated plaintiff. Again, no reasons were given for the City's actions. A great deal of publicity surrounded plaintiff's suspension and termination, including rumors of criminal misconduct.

Plaintiff then brought a § 1983 suit against defendants City of Logan and the Mayor, claiming that they had violated his due process and equal protection rights by "willfully, knowingly and purposely [depriving him] of his right to a hearing prior to the termination of his employment * * *." Plaintiff also claimed the defendants' actions amounted to retaliation for exercising his right of free speech.

Defendants filed a motion to dismiss the complaint for failure to state a claim upon

* Honorable Jim R. Carrigan, United States District Judge, District of Colorado, sitting by desig-

nation.

which relief could be granted. Fed.R. Civ.P. 12(b)(6). Two hearings were held on the motion. On October 14, 1982, the district court dismissed the complaint without prejudice, reasoning that because plaintiff had not requested a hearing, no deprivation had yet occurred. At this hearing, defendants indicated that they had always been willing to grant plaintiff a hearing if so requested; moreover, defendants stated they would still provide a hearing upon request. Plaintiff then filed a motion for reconsideration of the court's order, Fed.R. Civ.P. 59(e), arguing that he was being forced to exhaust administrative remedies. At the Rule 59 hearing on December 7, 1982, the district court again determined that plaintiff had failed to state a claim. The court also noted in addition that plaintiff's First Amendment allegation was conclusory and required expansion in order to set forth a claim. Plaintiff was given leave to amend his complaint. He took no action, and the court entered an order on March 31, 1983, dismissing the complaint without prejudice.

The matter presented has to do with the failure of plaintiff to state an actionable 42 U.S.C. § 1983 claim. The plaintiff states the issue differently. He argues that the district court erred in requiring him to exhaust administrative remedies as a condition precedent to bringing his § 1983 action.

The district court did not require plaintiff to exhaust administrative remedies against the mandate of *Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Rather, the district court found that plaintiff's failure to ask for a "name-clearing" hearing went to the issue of whether Logan City deprived him of his constitutional rights.

In reviewing the district court's dismissal for failure to state a claim for relief, we read the complaint in the light most favorable to the plaintiff. *Ronsick v. Phariss,* 286 F.2d 316 (10th Cir.1960).

The question which is presented for determination is whether plaintiff had either a property or liberty interest in employment which would support a § 1983 claim alleging a violation of constitutional rights stemming from his termination.

■ It is undisputed that plaintiff has no property interest in his job which warrants due process protection under Utah law. Section 10–3–1105 of the Utah Code. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). When as here there is a liberty interest rather than a property interest, the due process remedy is "an opportunity to refute the charge." *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). The Supreme Court's decision in *Board of Regents v. Roth, id.,* and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), established the right to a name-clearing hearing for a government employee allegedly stigmatized in the course of his discharge. This right arises when there is a danger of foreclosure of the community, due to derogatory reasons for being fired. *Clark v. Mann,* 562 F.2d 1104 (8th Cir.1977).

■ A liberal reading of plaintiff's complaint convinces us that plaintiff's allegation of a liberty interest violation was adequate to withstand defendants' motion for dismissal.[1] Plaintiff sufficiently alleged

---

1. Plaintiff's complaint reads in pertinent part:

8. Each of the individual Defendants, here, separately and in concert engaged in the illegal conduct herein mentioned to the injury of the Plaintiff and deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the United States Constitution. Specifically [sic], each of the individual Defendants, without authorization of law, acted willfully, knowingly and purposefully to deprive Plaintiff of his right to a hearing prior to the termination of his employment and pursuant damage to his retirement, pension, and/or social security benefits.

9. Pursuant to the willful acts alleged in paragraph 8, defendants determined to cause Plaintiff damage to his character and reputation in his community and field of endeavor by creating an aura of suspicion as to possible misconduct and criminal charges relating to the performance of Plaintiff's duties as the Director of Parks for the City of Logan, Utah. This was accomplished through the words

that defendants' words and actions stigmatized him, *McGhee v. Draper*, 639 F.2d 639, 642–43 (10th Cir.1981); that the stigmatization affected a tangible employment interest, *id.* at 643; and that the defendants' remarks were untrue, *Williams v. West Jordan City*, 714 F.2d 1017, 1021 (10th Cir.1983), citing *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977).[2] Plaintiff's failure to earlier request a name-clearing hearing does not defeat his claim. He may still be entitled to a hearing if he can prove at trial that his liberty interest was indeed violated. *McGhee v. Draper*, 639 F.2d at 643.

■ The district court noted that the plaintiff's First Amendment claim might have had merit, but that it was too conclusory to allow a judgment on its merit. The court gave plaintiff ample opportunity to remedy the inadequacies of the complaint, which plaintiff failed to do. Under these circumstances, we are unable to say that the district court was in error in dismissing the First Amendment claim made by plaintiff.

We remand this case for trial only on the alleged violation of plaintiff's liberty interest.

---

and actions of the Defendants during the period of approximately May 11, 1982 to the present.

10. Plaintiff was never made aware of the specific charges for which he was being investigated; was never told the identity of the witnesses supplying the investigative material and basis for the charges; was never supplied with the results of the investigation pursuant to which his dismissal was based upon; was never given a hearing or opportunity to refute the charges, and present his own witnesses and evidence all prior to his employment and accompanying benefits being terminated and infringed.

11. These actions were taken in order to deprive the Plaintiff of a fair hearing in violation of his rights of due process and equal protection as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

12. Plaintiff avers that had he been given a fair and impartial hearing in accordance with basic and elementary due process, he could demonstrate with substantial and credible evidence that the action of suspension, on May 11, 1982, and termination, on June 7, 1982, by Defendants, was arbitrary, capricious and perjorative [sic] without any basis in truth or fact.

**2.** *But see McGhee v. Draper*, 639 F.2d at 643 (stating that the truth or falsity of an employer's statements concerning the termination of an employee is not relevant in determining the existence of a liberty interest violation).