16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dwight D. JACKSON, Plaintiff-Appellant,
v.
Richard L. DUGGER, David Brooks, Defendants-Appellees.
 No. 93-6269.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. Plaintiff-Appellant Dwight D. Jackson ("Jackson"), a state prisoner appearing in forma pauperis, alleges that Richard L. Dugger ("Dugger") and David Brooks ("Brooks") violated his constitutional rights while acting as the District Attorney and Assistant District Attorney, respectively, of Beckham County, Oklahoma. Specifically, Jackson seeks monetary damages from Dugger and Brooks for allegedly fabricating evidence while prosecuting Jackson on baseless charges and defaming him in statements to the media. Adopting the Magistrate Judge's recommendation, the district court dismissed Jackson's complaint as frivolous pursuant to 28 U.S.C.1915(d). We affirm.
 
 
 3
 Section 1915(d) empowers the district court "to dismiss [as frivolous] a claim based on an indisputably meritless legal theory" and "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991). Because dismissal pursuant to 1915(d) is discretionary, we will not disturb the court's dismissal of Jackson's complaint unless we conclude that the court abused its discretion. Shabazz v. Askins, 980 F.2d 1333, 1333 (10th Cir.1992). We define an abuse of discretion as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." U.S. v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991) (citations omitted).
 
 
 4
 We construe Jackson's pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991). Jackson points to two separate actions by Dugger and Brooks that he contends give rise to this 1983 complaint: alleged wrongdoing during the preparation of the criminal trial against Jackson and alleged false statements to the media.
 
 
 5
 We turn first to Jackson's claim that Dugger and Brooks violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments while allegedly fabricating evidence "by shopping for a favorable expert witness." In Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-16 (1993), the Supreme Court distinguished between the prosecutor's preparation of and performance during trial, which we clothe with absolute immunity, and the prosecutor's performance of investigative functions, to which we accord qualified immunity. Jackson correctly reads Buckley as applying qualified immunity to "a prosecutor's fabrication of false evidence during the preliminary investigation of an unsolved crime." Id. at 2616-17. In marked contrast to the specific factual allegations presented by the plaintiff in Buckley, Id. at 2610 n. 1, however, Jackson offers no factual support for his allegations. See Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990) (affirming 1915(d) dismissal given the "complete absence of factual allegations supporting plaintiffs' conclusory reference to the denial of their rights ... under the fourteenth amendment").
 
 
 6
 We are mindful of the importance of affording pro se litigants the notice and opportunity to avoid dismissal of their claims by amending and supporting their pleadings. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Both after the Magistrate Judge recommended the dismissal of Jackson's complaint and after the district court adopted the Magistrate Judge's recommendation, Jackson had the opportunity to proffer factual support for his conclusory allegations. Given Jackson's failure to provide any such support, we hold that the district court did not abuse its discretion in dismissing his claim of constitutional wrongdoing during the prosecutors' investigation preceding Jackson's trial.
 
 
 7
 Jackson's 1983 complaint next alleges that Dugger and Brooks defamed him during a press conference and thereby deprived him of a liberty interest in violation of the Fourteenth Amendment. The Supreme Court instructs, however, that damage to one's reputation alone is not enough to implicate due process protections. See Paul v. Davis, 424 U.S. 693, 701 (1976); Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1558 (10th Cir.1993). "[S]tigmatization or reputational damage alone, no matter how egregious, is not sufficient to support a 1983 cause of action." McGhee v. Draper, 639 F.2d 639, 643 (10th Cir.1981). See also Medina v. City and County of Denver, 960 F.2d 1493, 1495 (10th Cir.1992) ("The Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.") (quoting Paul v. Davis, 424 U.S. at 701).
 
 
 8
 We have explained that only "where the stigmatization results in the inability to obtain other employment does this type of claim rise to a constitutional level." Allen v. Denver Public School Bd., 928 F.2d 978, 982 (10th Cir.1991). Inasmuch as Jackson rests his claim solely on purported reputational damage, we conclude that 1983 does not provide a remedy for the alleged wrongdoing.
 
 
 9
 For the foregoing reasons, the district court's dismissal of Jackson's 1983 complaint is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470