UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL THOMAS NARD,

    Plaintiff-Appellant,

v.

CITY OF OKLAHOMA CITY,

    Defendant-Appellee.

No. 04-6277

(D.C. No. 04-CV-66-L)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRISCOE, HARTZ** , Circuit Judges, and   **HERRERA** , District Judge.  **

    After examining the briefs and appellate record, we have determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case therefore is ordered submitted without oral argument.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  We generally disfavor the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3.

    ** The Honorable Judith C. Herrera, United States District Judge for the District of New Mexico, sitting by designation.

The facts in this case are undisputed.[1]  On or about July 5, 2000, Defendant-Appellee City of Oklahoma City ("Oklahoma City") and the Fraternal Order of Police Lodge 123 ("FOP") entered into a labor agreement governing the conditions of employment for represented officers of the Oklahoma City Police Department ("OCPD").  Appellee's App. at 26-27, 45.  The July 5, 2000, collective bargaining agreement, as well as subsequent collective bargaining agreements, covered Plaintiff-Appellant Michael Thomas Nard ("Plaintiff"), a police officer employed by the OCPD.  *Id.* at 26-27, 28.

On November 8, 2000, the Oklahoma County District Attorney's Office filed an information charging Plaintiff with twenty counts of obtaining money by false pretenses.  *Id.* at 27, 83-95.  The information alleged that Plaintiff falsely represented on payroll records the number of hours he actually worked.[2]  *Id.* at 27, 83-90.  That same day, Defendant Oklahoma City suspended Plaintiff without pay.  *Id.* at 27.

On November 14, 2000, Plaintiff's labor union, the FOP, filed a grievance with Police Chief M.T. Berry regarding Plaintiff's suspension without pay.  *Id.* Under the terms of the July 5, 2000, collective bargaining agreement, the FOP

[1] Plaintiff concedes the accuracy of the undisputed facts set forth by Defendant Oklahoma City in support of its motion for summary judgment. Appellee's App. at 206.

[2] On October 19, 2001, the district attorney's office dismissed the information filed against Plaintiff.  Appellee's App. at 29.

submitted the grievance to binding arbitration. *See id.* at 27, 53. On September 24, 2001, an arbitrator upheld the grievance and ordered Defendant Oklahoma City to reinstate Plaintiff to his position with back pay. *Id.* at 27-28, 123.

On October 11, 2001, Deputy Police Chief David Shupe notified Plaintiff in writing that the OCPD was charging Plaintiff with violating police department policies and rules. *Id.* at 28-29, 166. The notice contained allegations that on four occasions Plaintiff violated ten department policies and rules and informed Plaintiff that he had a right to a pre-determination hearing before the Department Review Board on October 25, 2001. *Id.* at 28-29, 166-69. The notice also indicated that the Department Review Board would issue findings of fact concerning the alleged violations and submit a recommendation to Chief Berry, who would make a final decision regarding the charges. *Id.* at 29, 168.

On October 11, 2001, FOP President Marty Stupka notified Deputy Chief Shupe that Plaintiff had decided to appear before the Department Review Board for a hearing. *Id.* at 29. Although the record is unclear, it appears that the October 25, 2001, hearing was continued to November 21, 2001. On November 6, 2001, Deputy Chief Shupe sent Plaintiff a revised notice detailing twenty-two instances of alleged violations of the same ten department policies and rules. *Id.* at 29, 172-77.

The Department Review Board Procedural Guidelines attached to the

November 6, 2001, notice specified that:

> The employee will be allowed to be present during the presentation of the department's evidence and be allowed to ask questions of the witness and/or to respond to any evidence presented.
>
> The employee will be allowed to present witnesses, documentation and other relevant evidence in his own behalf.
>
> *     *     *
>
> The employee may appeal any action taken through either the Oklahoma City Personnel Policy Grievance Procedure, Article 1300, or the FOP Collective Bargaining Agreement, Article VIII.

*Id.* at 178.

FOP President Stupka represented Plaintiff at the hearing before the Department Review Board on November 21, 2001. *Id.* at 29. The Department Review Board gave Plaintiff the opportunity to examine the OCPD's witnesses and call his own witnesses. *Id.* at 29, 179. At the conclusion of the hearing, the Department Review Board voted to sustain eleven of the twenty-two allegations that Plaintiff had submitted false time cards. *Id.* at 29, 183-84. The Board further determined that Plaintiff's conduct violated nine police department policies and rules. *See id.* at 29, 184. The Board recommended that Chief Berry give Plaintiff a Class III reprimand and demote him from Lieutenant to Sergeant. *Id.* at 29, 185.

On January 7, 2002, Chief Berry concurred with the Department Review

-4-

Board's recommendation, and, on January 8, 2002, advised Plaintiff of his decision. *Id.* at 29, 187. The FOP did not contest the demotion through the collective bargaining agreement grievance procedure. *Id.* at 29. Rather, on January 6, 2004, Plaintiff filed this action in state court.

Defendant Oklahoma City removed the case to the Western District of Oklahoma on January 22, 2004, and filed a motion to dismiss, or, in the alternative, motion for summary judgment. The district court granted the motion, and Plaintiff appealed. At issue on appeal is the question whether the November 21, 2001, hearing that resulted in Plaintiff's demotion and reduction in pay was sufficient to meet the procedural due process standards of the Fourteenth Amendment.[3] We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[3] Plaintiff also raises the questions whether Defendant Oklahoma City's "informal pattern and practice establish that the behavior for which Plaintiff was sanctioned by the city had been legitimated, accepted, tolerated and/or permitted," Opening Br. at 2; Reply Br. at 5, and whether Defendant Oklahoma City selectively disciplined Plaintiff for behavior it ignored in other similarly situated employees, *id.* at 4. Although Plaintiff stated in his summary judgment opposition that Defendant Oklahoma City treated Plaintiff differently from similarly situated employees, Appellee's App. at 205, 206, 207, he did not alert the district court that these allegations were intended for consideration as distinct claims for relief, rather than as supporting argument for the claims he had articulated, *see id.* at 209-12. Accordingly, we do not consider these claims on appeal. *See S. Hospitality, Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137, 1142 (10th Cir. 2004) (appellate court reviews claims fairly raised and decided, but does not consider on appeal any theory not raised in district court); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) (appellate court will not address issues not presented to district court); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992) (appellate court will not consider issues that

Our standard of review is well established.  We review *de novo* a district court's decision on a motion to dismiss for failure to state a claim or a motion for summary judgment, applying the same legal standards used by the district court. *Wolf v. Prudential Ins. C*o., 50 F.3d 793, 796 (10th Cir. 1995); *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993).  A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief.  *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ.

---

are raised on appeal but not adequately addressed).  Plaintiff, in his appellate briefing, also failed to provide any argument or legal authority with respect to these allegations.  We therefore do not review the claims for this reason as well. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (holding appellate court need not consider argument where party has failed to support it "with any authority, legal or otherwise") (citations omitted).  We also note that in the course of his appellate briefing, Plaintiff abandoned his claims related to his November 8, 2000, suspension as well as his substantive due process, Unfair Labor Practices, and state tort claims.  *See* Reply Br. at 3 (acknowledging that the claims related to the November 8, 2000, suspension are time barred); *id.* at 4-5 ("conced[ing] that the facts which underline his due process claims as to loss of liberty and property do not rise to the level of [a] 'substantive due process' violation" and indicating that a substantive due process claim is not before the court on appeal); Opening Br. at 3 (declining to appeal the dismissal of the Unfair Labor Practices and state tort claims).

P. 56(c).

Plaintiff claims that Defendant Oklahoma City deprived him of his property and liberty without due process of law in violation of the Fourteenth Amendment and that he therefore is entitled to relief under 42 U.S.C. § 1983. Section 1983 provides civil redress for deprivation of constitutional rights by persons acting under color of state law. 42 U.S.C. § 1983. S    ection 1983 creates no substantive rights, but rather only a remedy against those who, acting under color of law, violate rights secured by federal statutory or constitutional law. *E.g.*, *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1536 (10th Cir. 1995).

The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To assess whether an individual was denied procedural due process, district courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996) (citations and internal quotation marks omitted); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

In order to establish a procedural due process claim, Plaintiff first must

demonstrate that he possessed a property or liberty interest. *Id.*; *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). The Fourteenth Amendment does not create property or liberty interests. Rather, Plaintiff's right, if any, must arise out of an independent source, such as state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The parties do not dispute that Plaintiff has a property interest in his rank and that the OCPD could not demote him without cause. Answer Br. at 16; *see Hennigh v. City of Shawnee*, 155 F.3d 1249, 1254 (10th Cir. 1998). Defendant Oklahoma City also does not dispute that a deprivation occurred when the OCPD demoted Plaintiff. The remaining question, then, is whether Defendant Oklahoma City provided Plaintiff with an appropriate level of process under the Fourteenth Amendment before it deprived him of his property interest in his rank. *See Loudermill*, 470 U.S. at 541.

In *Cleveland Board of Education v. Loudermill*, the Supreme Court held that "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Id.* at 542 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). In the context of public employment, this "principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his [or her] employment."

-8-

*Id.* (quoting *Roth*, 408 U.S. at 569-70; *Perry v. Sindermann*, 408 U.S. 593, 599 (1972)). A full evidentiary hearing is not required prior to a determination. *Id.* at 545. Rather, "[t]he tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546 (citations omitted). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in an meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) (additional citations omitted). This requirement includes three elements: (1) an impartial tribunal; (2) notice of the charges within a reasonable time before the hearing; and (3) absent emergency circumstances, a pre-determination hearing. *Miller v. City of Mission*, 705 F.2d 368, 372 (10th Cir. 1983). While not necessary in every case, "procedural due process often requires confrontation and cross-examination of those whose word deprives a person of his [or her] livelihood." *Willner v. Comm. on Character*, 373 U.S. 96, 103 (1963).

The pre-determination due process requirements set forth in *Loudermill* rest partially on the availability of a full post-determination hearing under applicable state law. *Loudermill*, 470 U.S. at 546; *Langley v. Adams County, Colo.*, 987 F.2d 1473, 1480 (10th Cir. 1993) ("Under *Loudermill*, the adequacy of pre-termination procedures must be examined in light of available

post-termination procedures."); *Calhoun v. Gaines*, 982 F.2d 1470, 1476 (10th Cir. 1992) (holding that "*Loudermill* established that some form of pretermination hearing, plus a full-blown adversarial post-termination hearing," are required when a property interest in continued employment is at stake). "A 'full post-termination hearing' is understood to include the right to representation by an attorney and the right to cross-examine adverse witnesses." *Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir. 1994) (citations omitted). We have held that the grievance procedure provided by a collective bargaining agreement can satisfy a plaintiff's entitlement to post-deprivation due process. *Hennigh*, 155 F.3d at 1256 (noting that the Second, Third, Seventh, and Ninth Circuits have held the same) (citations omitted); *Montgomery v. City of Ardmore*, 365 F.3d 926, 938 (10th Cir. 2004).

Here, the district court held, and we agree, that Plaintiff could not, as a matter of law, establish a procedural due process violation.[4] The undisputed facts demonstrate that Defendant Oklahoma City provided Plaintiff with all of the procedure he was due under the Fourteenth Amendment prior to demoting him.

---

[4] In dismissing Plaintiff's procedural due process claim based upon the deprivation of his property interest in his rank, the district court did not specify whether it was dismissing for failure to state of claim under Rule 12(b)(6) or for failure to demonstrate that no genuine facts are in dispute and that Defendant is not entitled to judgment in its favor as a matter of law under Rule 56(c). Because the district court considered facts outside of the complaint, however, it is clear that the district court dismissed the claim under Rule 56(c) and not Rule 12(b)(6).

Specifically, it is undisputed that the OCPD provided Plaintiff with a written notice and a revised written notice detailing the charges against him and informing him of his right to a hearing. The OCPD provided Plaintiff with the initial notice five weeks, and the revised notice two weeks, prior to the November 21, 2001, hearing. Both notices set forth the conduct with which the OCPD was charging Plaintiff and the policies and rules the conduct allegedly violated. The OCPD provided Plaintiff with a pre-determination hearing, at which Plaintiff had an opportunity to respond to the charges and evidence against him, ask questions of the OCPD's witnesses, call his own witnesses, and present his own evidence. There is no evidence in the record that the Department Review Board was partial. The OCPD also informed Plaintiff of his right to appeal any action taken against him through either the Oklahoma City personnel policy grievance procedure or the FOP collective bargaining agreement. Based upon these undisputed facts, the district court properly concluded that, as a matter of law, the process the OCPD gave to Plaintiff satisfied the due process requirements of the Fourteenth Amendment.

Plaintiff's argument to the contrary does not have merit. Plaintiff claims that "the opportunity . . . to avail himself [of] other potential post-harm remedies . . . fails to remedy the harm suffered by Plaintiff of the lack of . . . meaningful consideration [for] his property and liberty interest[s] . . . when [the deprivation]

occurred." Opening Br. at 13-14. Plaintiff, however, does not explain how the OCPD failed to provide him with "meaningful consideration" prior to its decision to demote him. To the contrary, the undisputed facts demonstrate that the OCPD provided Plaintiff with adequate notice and an opportunity to be heard at a pre-determination hearing.

Plaintiff's procedural due process claim based upon the deprivation of his liberty interest in his good name and reputation likewise must fail. "In order to recover under § 1983 for infringement upon a liberty interest, [a] plaintiff must first show that the complained of conduct stigmatized or otherwise damaged [his or] her reputation." *McGhee v. Draper*, 639 F.2d 639, 642-43 (10th Cir. 1981) (citing *Paul v. Davis*, 424 U.S. 693, 697-713 (1976)). A plaintiff's alleged reputational damage must be entangled with some other "tangible interests such as employment." *Paul*, 424 U.S. at 701. To establish a liberty interest, a plaintiff also must satisfy a four-part test: "First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published." *Workman*, 32 F.3d at 481 (internal citations omitted). Once a plaintiff meets these requirements, thereby establishing the existence of a liberty interest, the due process protections of the Fourteenth

Amendment are triggered and the plaintiff must show that he or she was not afforded an adequate name-clearing hearing. *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971); *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1558 (10th Cir. 1993).

The district court properly noted that Plaintiff's procedural due process claim based upon the deprivation of a liberty interest is subject to dismissal under Rule 12(b)(6) because Plaintiff cannot establish that he possessed a liberty interest. In his complaint, Plaintiff fails to allege, as he must, that the charges against him were false or published. Plaintiff therefore can prove no set of facts in support of his liberty interest claim that would entitle him to relief, and the district court properly granted Defendant Oklahoma City's motion to dismiss on this ground.

The district court also properly dismissed Plaintiff's liberty interest claim under Rule 56(c), because, as a matter of law, the OCPD provided Plaintiff with all of the process he was due under the Fourteenth Amendment. The district court held, and we agree, that the OCPD provided Plaintiff with an adequate name-clearing hearing when he appeared before the Department Review Board on November 21, 2001.

Having carefully reviewed the briefs, the record, and the applicable law, we AFFIRM the judgment of the United States District Court for the Western District

of Oklahoma.[5]

Entered for the Court

Judith C. Herrera
District Judge

---

[5] We note that Defendant Oklahoma City filed its Objection to Statements in Plaintiff/Appellant's Reply. Defendant's objections, however, do not contain any requests for relief that would require a decision on our part. We also note that Defendant Oklahoma City seeks sanctions against Plaintiff and his counsel on the ground that Plaintiff's appeal is frivolous. Rule 38 of the Federal Rules of Appellate Procedure requires Defendant Oklahoma City to file a separate motion for sanctions. Fed. R. App. P. 38; *Smith v. Kitchen*, 156 F.3d 1025, 1030 (10th Cir. 1997). Defendant, however, requested sanctions in one sentence of its answer brief on appeal. Answer Br. at 24. We therefore decline to consider Defendant's request.