968 F.2d 92
 296 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Martin C. LATINSKY, Appellant,
v.
Susan S. ENGELEITER, Administrator, U.S. Small Business
Administration, et al.
 No. 90-5342.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 5, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary reversal, the opposition thereto, the motion for summary affirmance, and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted, substantially for the reasons stated by the district court in its Memorandum Order filed September 21, 1990, as to appellant's claims based on Chapter 75 of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7501 et seq., and the claims that appellant's dismissal violated the first amendment and deprived him of a property interest in continued employment, without due process. See Latinsky v. Engeleiter, 747 F.Supp. 68 (D.D.C.1990). The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be denied. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the parties show cause within 14 days of the date of this order, why the district court's order should not be vacated in part and remanded, to allow the court to consider appellant's claim that his dismissal deprived him of a liberty interest in reputation and prospects for future employment, without due process. It appears that appellant stated a claim, see Doe v. United States Dep't of Justice, 753 F.2d 1092, 1104-14 (D.C.Cir.1985), which the district court did not address.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.