Alva B. WILLIAMS, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION; and Paul G. Heafy, individually, Defendants.

No. CIV–88–1369–W.

United States District Court,
W.D. Oklahoma.

Aug. 23, 1989.

Joseph W. Strealy, Schnetzler/Strealy, Oklahoma City, Okl., for plaintiff.

Thomas A. Schultz, Asst. Gen. Counsel, and Ingeborg G. Chaly, Sr. Atty., FDIC Corp., Washington, D.C., for defendants.

## ORDER

LEE R. WEST, District Judge.

This matter came before the Court on the Motion to Dismiss of the defendants, Federal Deposit Insurance Corporation (FDIC) and Paul G. Heafy, individually. Because materials outside the pleadings accompanied the motion and were considered by the Court, the Court converted the motion to a Motion for Summary Judgment and gave the parties the opportunity to supplement their submissions with all material made pertinent to such a motion by Rule 56, F.R.Civ.P. Having now received and reviewed these supplemental responses as well as the parties' responses regarding the application, if any, of *Sullivan v. Stark*, 808 F.2d 737 (10th Cir.1987), to this proceeding, the Court makes its determination.

The plaintiff, Alva B. Williams, was employed by FDIC in its Oklahoma City Consolidated Office as a liquidation assistant, LG–13. Defendant Heafy was the managing liquidator.

The plaintiff was terminated from employment effective May 20, 1988, upon the recommendation of defendant Heafy. This litigation ensued. In his amended complaint, the plaintiff has alleged that his termination constitutes a denial of procedural and substantive due process in violation of the fourth and fifth amendments to the United States Constitution as well as a breach of contract under state law. He has sought equitable relief from FDIC and monetary damages from defendant Heafy.

In their motion, the defendants have challenged first the plaintiff's claim under the fourth amendment. The plaintiff has not opposed these arguments. Thus, the Court finds that there is no fourth amendment claim being pursued in this action and it has examined only the plaintiff's claims under the fifth amendment and for breach of contract.

■ To invoke the protections of procedural or substantive due process afforded by the fifth amendment, the plaintiff must establish the existence of a recognized property interest in the benefit to which he claims an entitlement. *Sipes v. United States*, 744 F.2d 1418 (10th Cir.1984). The defendants have argued that the lack of any such protected interest in this case is fatal to the plaintiff's claims for relief.

■ Property interests are not created by the Constitution itself; rather, they are created by independent rules or regulations which secure benefits and support claims of entitlement to the same. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). The plaintiff must have more than a unilateral expectation of the benefit; the rule or regulation must create a legitimate claim of entitlement to it. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ In this regard, the plaintiff has contended that he had a legitimate claim of entitlement to continued employment with FDIC and has identified two sources from which this alleged property interest stems. The first is a letter the plaintiff received from Esther Vana, chief/personnel section. The letter dated March 28, 1988, states that the plaintiff's excepted appointment with FDIC will be extended for an additional

twelve month period. The second source is the FDIC policy for termination of field liquidation support personnel which provides that "termination may ... occur prior to appointment expiration due either to a lack of available work or for cause."

The plaintiff as a liquidation assistant served as a temporary excepted service appointee. 5 U.S.C. § 2103; 5 C.F.R. §§ 231.-3101 to 231.3302; 53 Fed.Reg. 32144, 32153 (1988) (notice of Schedule A, 5 C.F.R. § 231.3133(a) (all liquidation graded temporary field personnel concerned with liquidation of assets of closed banks are excepted service employees)). By definition, "excepted service personnel" are excepted from competitive service, *see United States v. Fausto*, 484 U.S. 439, 441 n. 1, 108 S.Ct. 668, 670 n. 1, 98 L.Ed.2d 830 (1988), and case law teaches that excepted service employees serve by appointment; they acquire no contractual rights and have no property interest in or specific entitlement to their employment. *E.g., Garrow v. Gramm*, 856 F.2d 203 (D.C.Cir.1988); *Twist v. Meese*, 854 F.2d 1421 (D.C.Cir. 1988); *Castro v. United States*, 775 F.2d 399 (1st Cir.1985); *Fowler v. United States*, 633 F.2d 1258 (8th Cir.1980); *Lenoir v. FDIC*, 709 F.Supp. 830 (N.D.Ill. 1989).

The letter and the policy language on which the plaintiff has relied do not require a different conclusion in the instant case. The letter only advises that the plaintiff would be serving yet another of a series of excepted service appointments. Such information is consistent with the plaintiff's Standard Form (SF) 50, which indicates a "not to exceed" date for employment of March 17, 1989. The transmittal letter in the case-at-bar does not rise to the level of the Letter of Acceptance and Employment Agreement executed by the plaintiff in *Sullivan v. Stark*, 808 F.2d 737 (10th Cir. 1987). Furthermore, the plaintiff has not demonstrated that Ms. Vana as a federal officer had the authority to create a property interest, if the letter could be construed as the basis for the same, in the plaintiff's excepted service appointment since the applicable statutory and regulatory schemes do not recognize or authorize such an inter-

est. *E.g., Bollow v. Federal Reserve Bank*, 650 F.2d 1093 (9th Cir.1981) (any contract created pursuant to assurance of employment is void since government is neither bound nor estopped by acts of officers or agents in entering agreements which the law does not authorize or permit); *Shaw v. United States*, 226 Ct.Cl. 240, 640 F.2d 1254 (1981) (federal official who by word or act generates expectation in persons they employ do not ipso facto create liability from federal government to employee as it might in private sector).

■ Likewise, while the policy language "termination may occur ... for cause" might create a genuine expectation of protected employment in the private sector, it cannot create a property interest in an excepted service appointment. *E.g., Garrow*, 856 F.2d at 205 (excepted service employee may be discharged without cause, prior notice or opportunity to appeal decision). Agency-fostered policies cannot override the plaintiff's status as an excepted service appointee and a government agency cannot achieve by way of policy or manual a result contrary to statutes or regulations. *E.g., Fiorentino v. United States*, 221 Ct.Cl. 545, 607 F.2d 963 (1979).

■ Despite such findings, the Court has nevertheless assumed for purposes of this motion that the plaintiff did have a property interest in his employment created either because he had a contract of employment for a definite term as a result of the letter of March 28, 1988, or because he had a legitimate expectation of job security as a result of the policy language "termination may occur ... for cause." *See Stark*, 808 F.2d at 741. In such event, the due process clause requires the plaintiff be given an opportunity for a hearing before he is deprived of this property interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). The United States Supreme Court has stated that such a hearing is necessary to balance the competing interests at stake: the "private interest in retaining employment, the governmental interest in the expeditious removal of unsat-

isfactory employees and the avoidance of administrative burdens, and the risk of an erroneous decision." *Id.* at 542–43, 105 S.Ct. at 1493–94.

This "pretermination 'hearing,' though necessary, need not be elaborate." *Id.* at 545, 105 S.Ct. at 1495. " 'The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings,' " *id.* (quoting *Boddie v. Connecticut*, 401 U.S. 371, 373, 91 S.Ct. 780, 783, 28 L.Ed.2d 113 (1971)), and "[i]n general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." 470 U.S. at 545, 105 S.Ct. at 1495 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18 (1976)). As the United States Court of Appeals for the Tenth Circuit has stated, "[i]n an employment context, the 'essential requirements of due process ... are notice and an opportunity to respond.... To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.' " *Seibert v. University of Oklahoma Health Sciences Center*, 867 F.2d 591, 597 (10th Cir.1989) (quoting *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495).

The Affidavit of Thomas J. O'Keefe, Jr., submitted by FDIC and the Memorandum submitted by the plaintiff as well as the plaintiff's affidavit itself outline the events prior to termination. Such documents indicate that the plaintiff had been previously counselled regarding his sexual harassment of female employees, that he did not cease this activity until the matter was brought to the attention of his supervisors, that additional complaints of sexual harassment thereafter were lodged against the plaintiff, that on April 11, 1988, the plaintiff met with defendant Heafy, Thomas J. O'Keefe, Jr., department head/operations/administration (and the plaintiff's supervisor) and Ms. Vana regarding the recent complaints, that the plaintiff met again with Ms. Vana on April 12, 1988, and that the plaintiff was given the option of resigning his position in lieu of termination.

In this case as in *Seibert*, the pretermination procedures which FDIC afforded the plaintiff fully satisfied the plaintiff's constitutional rights to notice and an opportunity to be heard before discharge. *Seibert*, 867 F.2d at 598 (Constitution does not require elaborate or formal pretermination hearing; all that is required is an initial check against mistaken decision and employee needs only notice and opportunity to respond to basis of firing). The plaintiff "was not fired for reasons that he did not know," *id.* at 599, and he "was not fired without being given the 'opportunity to present his side of the story.' " *Id.* (quoting *Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493). A plaintiff's decision not to participate fully or not to respond does not diminish the fact that the opportunity was afforded.

■ Even in the absence of a property interest, the plaintiff may nevertheless have a liberty interest which would entitle him to the safeguards of due process. Liberty interests include the protection of " 'a person's good name, reputation, honor, or integrity,' " *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707 (quoting *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971)), and the "(freedom to take advantage of other employment opportunities.' " *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. The manner in which a person is discharged may result in a deprivation of one or both of these interests.

In support of this claim, the plaintiff has contended that he was advised of these unsubstantiated rumors regarding his alleged sexual harassment of female employees, that he was thereafter discharged for "unprofessional conduct which ha[d] been disruptive to others," that he was not allowed any opportunity to clear his name and refute these false charges (despite his meetings with FDIC personnel) and that he has lost future employment due to his discharge. "The crucial focus of any liberty interest inquiry must be the *stigmatization* which results from the *publication* of false and damaging information, regardless of whether it involves dissemination of

'charges' or 'reasons for dismissal.'" *Melton v. City of Oklahoma City,* 879 F.2d 706, 720 (10th Cir.1989) (emphasis added).

In this case, the plaintiff has not pled or demonstrated any active circulation or publication by FDIC of the charges or reasons for dismissal. Rather, the plaintiff in an effort to avoid adverse adjudication of his claim based on a deprivation of a liberty interest has argued that the element of publication by a government entity is satisfied when a job applicant is asked to reveal the circumstances involving separation from former employment or when, as in the case-at-bar, employment records are subject to public review. *See Bailey v. Kirk,* 777 F.2d 567, 580 n. 18 (10th Cir. 1985) (presence of false and defamatory information in employee's personnel file may constitute publication if not restricted to internal use).

It appears that in this case it is the plaintiff who has publicized the events giving rise to the complaints of sexual harassment and to the reason for dismissal, "unprofessional conduct which has been disruptive to others," stated in the plaintiff's letter of termination. The only reference to termination in the plaintiff's Official Personnel File is on a SF–50 which merely indicates that the plaintiff was discharged. The documents reflecting the complaints of sexual harassment and the discharge for unprofessional conduct are not in the plaintiff's file.

■ Because the plaintiff's personnel file indicates only the mere fact of discharge, the Court finds the element of publication (as well as the element of stigmatization) has not been satisfied to warrant due process protection. *E.g., Bollow,* 650 F.2d at 1101 (when reasons not given, inferences drawn from dismissal alone not sufficient to implicate liberty interest). A liberty interest is not implicated merely by dismissal from government employment or because "nonretention in one job, taken alone, might make [the plaintiff] somewhat less attractive to some other employers...." *Roth,* 408 U.S. at 574 n. 13, 92 S.Ct. at 2707 n. 13; *e.g., Bollow,* 650 F.2d at 1101; *see* Affidavit of Alva B. Williams

(March 24, 1989) (wherein plaintiff makes only conclusory statements that employment opportunities in banking business have been limited by his termination from employment with FDIC).

Having determined that the plaintiff has failed to sufficiently demonstrate a property interest in continued employment and/or a liberty interest which was comprised by the manner of discharge or assuming a property interest existed, that due process was not afforded, the Court finds that the plaintiff is not entitled to the equitable or monetary relief he seeks on his constitutional claims. Furthermore, even assuming such interests supported a claim for monetary relief against defendant Heafy, the Court finds that the plaintiff nevertheless could not prevail.

Case law instructs that such claims are barred by the United States Supreme Court's decisions in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); and *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), and their progeny. The cases which the plaintiff has cited in opposition to the defendant's arguments were vacated in light of *Chilicky, Cooper v. Kotarski,* —— U.S. ——, 108 S.Ct. 2861, 101 L.Ed.2d 897 (1988); *Turner v. McIntosh,* —— U.S. ——, 108 S.Ct. 2861, 101 L.Ed.2d 898 (1988), and on remand, decided adversely to the plaintiff's position. *Kotarski v. Cooper,* 866 F.2d 311 (9th Cir.1989); *McIntosh v. Turner,* 861 F.2d 524 (8th Cir.1988). Since this issue is likewise dispositive of the plaintiff's claims against defendant Heafy, the Court finds consideration of defendant Heafy's further claim of qualified immunity unnecessary.

The defendants have also challenged the plaintiff's state law claim for breach of contract. As stated in this Order, the weight of authority demonstrates that federal excepted service employees serve by appointment, not by contract and that the terms of their appointment are determined by reference to applicable statutes and regulations, not by ordinary contract principles. *E.g., Lenoir,* 709 F.Supp. at 835.

Thus, a breach of contract claim cannot withstand the defendants' challenge.

Accordingly, the Court finds that the defendants' Motion to Dismiss now converted to a Motion for Summary Judgment should be and is hereby GRANTED. Judgment shall be entered forthwith.