**Joseph M. CUSTODIO, M.D., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. 93–C–1087.

United States District Court, D. Colorado.

Oct. 26, 1994.

Victoria Swanson, Colorado Springs, CO, for plaintiff.

William Pharo, Asst. U.S. Atty., Denver, CO, for defendant U.S.

Gary R. Cowan, Colorado Springs, CO, for defendant Harry S. Collins, D.O.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Joseph M. Custodio, M.D., commenced this action against John S. Parker, M.D.; Steve E. Phurrough, M.D.; Harry S. Collins, D.O.; William D. Strampel, M.D.; Michael Yancey, M.D.; Bryan T. Lowe, Jr.; Kay Kiehl, CNM; Lynne E. Schmidtke, CNM; Suzy Anderson; and the United States of America. Against the individual defendants, the plaintiff has asserted violations of the Fifth Amendment (first and second claims) and interference with economic relations (third claim). Against the United States, the plaintiff has asserted negligence claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674 (second and fourth claims).

Defendants have filed motions to dismiss.[1] Plaintiff has responded by opposing the defendants' motions. The issues have been fully briefed and oral argument would not materially facilitate the decision process. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1346, and 1367.

## I. BACKGROUND.

On April 18, 1990, the plaintiff was retained by the United States Army as a civilian physician pursuant to "CHAMPUS," an agreement concerning an experimental program to provide medical care to patients at Evans United States Army Community Hospital (EACH). Plaintiff applied for EACH staff privileges in obstetrics and gynecology and was granted conditional privileges from June 6, 1990 through June 6, 1991 and full privileges from June 6, 1991 through June 6, 1993.

On May 22, 1991, the EACH Commander, Parker, advised the plaintiff by letter that his CHAMPUS agreement with the Army would be terminated effective June 2, 1991, and that he would not be permitted to practice medicine at EACH thereafter. Plaintiff requested a hearing concerning termination of the CHAMPUS agreement and his EACH staff privileges,[2] but his request was denied.

On July 23, 1993, the plaintiff was convicted on eighteen counts of filing false CHAMPUS claims in violation of 18 U.S.C. § 287.

## II. ANALYSIS.

Dismissal of a claim is proper if it appears beyond doubt that the plaintiff can

---

1. Alternatively, the defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56.

2. Army Regulation (AR) 40-68 4-9e, which governs revocation of hospital privileges, provides that "14 days[ ] after action affecting a practitioner's privileges is taken, a written notice ... will be delivered to the practitioner ... specify[ing] the right to a hearing before a hearing committee." Thereafter, the practitioner has ten days to request a hearing. AR 40-68 4-9e(2). Upon receipt of that request, "the hearing will be scheduled." Id.

prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the complaint must be construed liberally, *Shoultz v. Monfort of Colo., Inc.*, 754 F.2d 318 (10th Cir.1985), *cert. denied*, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986), and its factual allegations are assumed to be true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## A. Claims Against the Individual Defendants.

### 1. First Claim.

Plaintiff alleges that Parker, Phurrough, Strampel, and Lowe deprived him of his property interests in the CHAMPUS agreement and his EACH privileges without due process of law. Defendants contend that the plaintiff did not have a property interest in either the CHAMPUS agreement or his EACH privileges.

■ To have a property interest, a person must have a legitimate claim of entitlement. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Tenth Circuit has held that a valid employment contract for a definite term creates a property interest in employment for the duration of the term. *Sullivan v. Stark*, 808 F.2d 737, 740 (10th Cir.1987). On the other hand, at will employees have no such property interest in their employment. *Id.*

■ The CHAMPUS agreement provides that "[t]he minimum term of this agreement is 2 years with the option to renew for a 2–year period." However, it further provides that the agreement may be terminated "upon satisfactory notice to the other party," and there is no requirement that termination be for cause. Because there was an unlimited right to terminate the CHAMPUS agreement at any time, provided satisfactory notice was given, I find and conclude that the plaintiff did not have a property interest in continued employment under that agreement.

■ Plaintiff also asserts a property interest in his EACH privileges. Defendants respond that the plaintiff's claim that he was deprived of his EACH privileges without due process is precluded because he had an alternative meaningful remedy.

■ Federal courts have power to grant relief, including damages, for violations of constitutional rights under their general statutory authority to decide all cases arising under the Constitution. 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* claim for relief may be defeated, however, when defendants demonstrate "special factors counseling hesitation in the absence of affirmative action by Congress." *Bivens*, 403 U.S. at 396, 91 S.Ct. at 2005. The Supreme Court has held that Congress's provision of a meaningful alternative remedy is a "special factor" counseling hesitation. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983).

Defendants contend that review of the alleged revocation of the plaintiff's EACH privileges was available pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* Under the APA, "[a] person suffering legal wrong because of agency action ... is entitled to judicial review," and agency action may be set aside if it is arbitrary or capricious, unconstitutional, or "without observance of procedure required by law." 5 U.S.C. §§ 702, 706.

Plaintiff argues that the APA does not provide a meaningful alternative remedy because it does not permit recovery of compensatory damages. However, the remedy provided by the APA—reversal of agency action—is a meaningful alternative to money damages. *Cf. Franks v. Nimmo*, 796 F.2d 1230, 1240 (10th Cir.1986) (holding that reinstatement and back pay are meaningful alternatives to money damages); *Heaney v. United States Veterans Admin.*, 756 F.2d 1215, 1221 (5th Cir.1985) (same); *see also Berry v. Hollander*, 925 F.2d 311, 315–16 (9th Cir. 1991) ("Although these remedies do not guarantee full and independent compensation for constitutional violations suffered[,] ... [w]hen Congress has created a statutory

remedy for potential harms, the courts must refrain from implying non-statutory causes of actions such as *Bivens.*").

Because I find that the plaintiff has a meaningful alternative remedy pursuant to the APA, I conclude that special factors bar his first claim. Accordingly, the motion to dismiss that claim will be granted.

### 2. Second Claim.

Plaintiff alleges that Parker, Phurrough, Kiehl, Schmidtke, Anderson, and Yancey deprived him of his liberty to pursue future employment without due process of law. Defendants contend that the plaintiff fails to state, and cannot establish, a liberty deprivation claim against them.

■ To establish a deprivation of liberty, a public employee must demonstrate that termination of his employment resulted in publication of false and stigmatizing information that had the general effect of curtailing his future freedom of choice or action. *Asbill v. Housing Auth. of Choctaw Nation,* 726 F.2d 1499, 1503 (10th Cir.1984) (citing *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977); *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

■ Plaintiff asserts that Parker and Phurrough failed to provide information about him to potential employers, and that Parker referred to revocation of his EACH privileges as a "termination" of those privileges, thereby stigmatizing his professional reputation. Assuming these facts to be true, as the court must in deciding a motion to dismiss, the allegations at most describe circumstances that make the plaintiff "somewhat less attractive" to employers. *Id.* Such circumstances do not establish a "foreclosure of opportunities amounting to a deprivation of liberty." *Id.; Roth,* 408 U.S. at 574, 92 S.Ct. at 2707.

■ Plaintiff further asserts that Kiehl, Schmidtke, Anderson, and Yancey made false statements about his professional conduct to his superiors, interfering with his performance of the CHAMPUS agreement and stigmatizing his professional reputation.

However, intragovernment dissemination of information "falls short of the Supreme Court's notion of publication: 'to be made public.'" *Asbill,* 726 F.2d at 1503 (citing *Bishop,* 426 U.S. at 348, 96 S.Ct. at 2079). Thus, the plaintiff has failed to state a liberty deprivation claim against these defendants because there is no allegation they "published" their statements.

In light of the foregoing, the motion to dismiss the second claim as to Parker, Phurrough, Kiehl, Schmidtke, Anderson, and Yancey also will be granted.

### 3. Third Claim.

■ Plaintiff alleges that Collins and Kiehl improperly interfered with his performance of the CHAMPUS agreement by erroneously instructing him to bill for certain medical services. Defendants contend that the plaintiff has failed to state a claim against them.

■ Under Colorado law:

[o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

*Westfield Dev. Co. v. Rifle Inv. Assocs.,* 786 P.2d 1112, 1117 (Colo.1990) (citing Restatement (Second) of Torts § 766A). I find and conclude that the plaintiff has alleged the elements of intentional interference with contract. Thus, the motion to dismiss the third claim on the ground that it does not state a claim will be denied.

### B. *Claims Against the United States.*

#### 1. Second Claim.

■ The United States contends that, to the extent the second claim is asserted under the FTCA, it is barred because it alleges tort claims for which the United States has not waived sovereign immunity.

As stated previously, the plaintiff alleges that federal employees: (1) failed to provide information about him to potential employers; (2) referred to revocation of his EACH

privileges as a "termination" of those privileges; (3) made false statements about his professional conduct to his superiors; and (4) made false statements that interfered with his performance of the CHAMPUS agreement. Assuming the truth of these allegations, they state "claim[s] arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights," to which the FTCA does not apply. 28 U.S.C. § 2680(h). Accordingly, the United States' motion to dismiss the second claim as to it will be granted.

### 2. Fourth Claim.

■ Plaintiff alleges that the United States negligently failed to: (1) instruct CHAMPUS partners how to bill properly or to correct improper billing practices; (2) respond timely and completely to prospective employers' requests about him; and (3) comply with AR 40–68 and Medical Staff By–Laws. Defendants contend that these allegations do not state claims against the United States under the FTCA.

The FTCA does not apply to "[a]ny claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h); *see also Cooper v. American Auto. Ins. Co.,* 978 F.2d 602, 613 (10th Cir.1992) ("[C]laims against the government [that] could be construed as claims of tortious interference with present or future contractual relations [are] barred by 28 U.S.C. § 2860(h). . . ."). Because I have concluded that the plaintiff's allegations concerning billing practices state an interference with contract claim, I further conclude that they may not be asserted against the United States under the FTCA.

■ The FTCA also does not apply to "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Because the decisions whether and how to respond to potential employers' inquiries about the plaintiff were discretionary, I find and conclude that they do not give rise to a claim against the United States under the FTCA.

■ Finally, the FTCA waives sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b). The "law of the place" requirement is not met by violations of federal regulations or statutes that do not impose duties analogous to those imposed by local law. *Chen v. United States,* 854 F.2d 622, 626 (2d Cir.1988); *see McMann v. Northern Pueblos Enters.,* 594 F.2d 784, 785 (10th Cir.1979) (no FTCA jurisdiction over subcontractor suit alleging negligent failure of the government to require a prime contractor to post a Miller Act bond). Because the plaintiff has failed to allege that local law imposes duties analogous to those established by AR 40–68 and Medical Staff By–Laws, I conclude that these allegations also may not be asserted against the United States under the FTCA.

In light of the foregoing, the defendants' motion to dismiss the fourth claim for relief will be granted.

### C. *Third Claim Revisited.*

Because I have decided to dismiss all claims over which this court has original jurisdiction, I decline, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over the third claim, a purely state law claim. Accordingly, IT IS ORDERED that:

(1) Defendants' motion to dismiss the first and second claims for relief as to the individual defendants is granted;

(2) Defendants' motion to dismiss the second and fourth claims for relief as to the United States is granted; and

(3) The third claim for relief is dismissed pursuant to 28 U.S.C. § 1367(c)(3).