**James Leon FOSTER, Plaintiff,**

v.

**JACKSON COUNTY, FLORIDA; Al Green, individually; Charles Lockey, individually; and Willie Spires, individually; Defendants.**

**No. 94–50074–RV.**

United States District Court,
N.D. Florida,
Panama City Division.

July 3, 1995.

---

C. Gary Williams, Ausley, McMullen & McGhee, P.A., Tallahassee, FL, for plaintiff James Leon Foster.

Susan L. Erdelyi, Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, FL, for defendants, Jackson County, Fla. and Jackson County Bd. of Com'rs.

William B. Graham, Robert H. Sturgess, Bateman & Graham, Tallahassee, FL, Jorge M. Guira, Fuller, Johnson & Farrell, Tallahassee, FL, for defendants Al Green, Charles Lockey and Willie Spires.

## ORDER

VINSON, District Judge.

Pending is the motion of defendant Jackson County, Florida ("County"), to dismiss Count I of the second amended complaint for failure to state a claim upon which relief can be granted. (doc. 57). Also pending is the motion of defendants Al Green, Charles Lockey, and Willie Spires (collectively "the individual defendants") to dismiss the second amended complaint. (doc 55). For the reasons set out below, the motions are DE-NIED.[1]

The following factual allegations are all contained in the second amended complaint: Plaintiff James Leon Foster and the Board of County Commissioners of Jackson County, Florida, entered an employment contract dated November 11, 1991, whereby Foster

---

1. Green, Spires, and Lockey are only named as defendants in Count I of the second amended complaint. Consequently, despite the name of the individual defendants' motion, it does not seek dismissal of Counts II or III.

was employed as county administrator for Jackson County, Florida, for a period of three years commencing January 1, 1992. Paragraph (2) of the contract provided that the plaintiff could be terminated at any time for cause, subject to the hearing provisions of Chapter 125, Florida Statutes. Section 125.73(2), Florida Statutes (1993) provides in pertinent part: "[The county administrator] may be removed at any time by an affirmative vote, upon notice, of not less than three members of the board, after a hearing if such be requested by the county administrator."

Defendants Al Green, Charles Lockey, and Willie Spires are members of the Board of County Commissioners of Jackson County, Florida. On February 8, 1994, at a county commission meeting, defendant Green, in violation of Section 125.73(2) and Foster's employment contract, moved to terminate Foster without notice. At the time, Green falsely stated that Foster was insubordinate, incompetent, and failed to carry out his official duties. Green knew or should have known that no individual county commissioner has the authority to direct the county administrator or any member of the county staff to pursue projects for the individual commissioner. Nonetheless, Green falsely implied that individual commissioners did have that power, and that Foster had willfully failed to perform his duties by not carrying out Green's individual directives. Green also falsely stated that Foster had failed to follow several directives of the entire commission, when in actuality, Foster had complied with all such directives. Green's statements were false, and were motivated by malice towards Foster.

Defendant Spires seconded Green's motion to terminate Foster without notice, in violation of the statute and the employment contract. In the discussion which ensued, defendants Lockey and Spires adopted and ratified Foster's false and pretextual reasons for terminating the plaintiff. As a result of these false and defamatory statements, the plaintiff has been stigmatized as incompetent, insubordinate, and unworthy of trust. These statements have so stigmatized Foster's reputation that he has been, and will continue to

be unable to obtain future employment as a county administrator.

The second amended complaint further alleges that Green told a reporter for a local radio station that he was going to confront Foster about charging a personal expense to the County, and invited the reporter to accompany him to confront Foster. Green knew that the charge was false, and that Foster had not charged any personal expenses to the County. Green deliberately misled the reporter to create the false impression that Foster was dishonest.

The second amended complaint purports to state three causes of action. Count I alleges that all the defendants deprived the plaintiff of a liberty interest guaranteed to him by the Fifth and Fourteenth Amendment of the Constitution of the United States, in violation of Title 42, United States Code, Section 1983. Count II alleges that the County retaliated against Foster for exercising his constitutional right of access to the courts. Count III alleges that the County breached the plaintiff's employment contract. The county and the individual defendants have each moved to dismiss Count I of the second amended complaint for failure to state a claim upon which relief can be granted.

■ A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. *See, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Blackston v. State of Alabama,* 30 F.3d 117, 120 (11th Cir.1994). On a motion to dismiss, the court must accept all the alleged facts as true and draw all inferences from those facts in the light most favorable to the plaintiff. *See, e.g., Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994).

■ The Supreme Court of the United States held in *Paul v. Davis,* 424 U.S. 693, 702, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405, 414 (1976), that stigma to reputation, standing alone, is a not deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment. How-

ever, a stigmatizing statement, in connection with the extinguishment of some legal right or alteration of legal status, does invoke the procedural requirements of the Due Process Clause of the Fourteenth Amendment. 424 U.S. at 711, 96 S.Ct. at 1165, 47 L.Ed.2d at 420. *"Paul* has been widely construed as setting for a 'stigma-plus' test: to establish an interest sufficient to implicate Due Process safeguards, a person must be stigmatized in connection with a denial of a right or status previously recognized by state law." *Von Stein v. Brescher,* 904 F.2d 572, 581 (11th Cir.1990). This is the claim alleged in Count I.

■ In this circuit, to prevail on a Section 1983 "stigma-plus" claim in connection with discharge from governmental employment, the plaintiff must prove "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for employee name clearing." *Buxton v. City of Plant City, Fla.,* 871 F.2d 1037, 1042–43 (11th Cir. 1989). *See also, Andreu v. Sapp,* 919 F.2d 637, 644 (11th Cir.1990). The defendants assert that the allegations of the second amended complaint fail to adequately pled the second (stigma) or sixth (denial of due process) elements of the *Buxton* standard.

■ The primary issue is what process is due Foster. The plaintiff argues that a stigma-plus claim invokes substantive due process. The defendants contend that the plaintiff is entitled to procedural due process only for the "plus"—the extinguishment of his job, but that he has no due process rights to redress his alleged stigmatic injury. Neither the plaintiff nor the defendants have cited any cases which support their positions.

■ In my order of December 9, 1994, I dismissed the plaintiff's constitutional claim for denial of a property interest on the basis of *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994) (*en banc*), *cert. denied,* —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). There, the Eleventh Circuit held that the state remedy Florida provides to review county commissioners' employment decisions is an adequate post-deprivation remedy, and

satisfies the procedural due process requirements of an employee claiming deprivation of a property interest. The defendants assert that an adequate remedy for a property deprivation is *per se* also an adequate remedy for a reputational injury. I cannot agree.

Although not cited by either side, the Eleventh Circuit has announced what is necessary to comport with the constitutional due process requirements for a reputational injury, liberty interest, claim:

### V. What Process is Due

"In cases where a liberty interest arising from reputational damage is implicated, the courts have followed a different procedural course. The hearings granted in such cases serve not to avert the unjustified denial of a specific benefit, but to allow the aggrieved party to 'clear his name.' " *Codd v. Velger,* 429 U.S. [624] at 627, 97 S.Ct. [882] at 884, [51 L.Ed.2d 92, 96 (1977)]; *Campbell v. Pierce County, Georgia,* 741 F.2d 1342, 1345 (11th Cir.1984). The Eleventh Circuit has declared the procedural requisites of a name clearing hearing. "Because it is provided simply to cleanse the reputation of the claimant, the hearing need not take place prior to his termination or to the publication of related information adverse to his interests." *Campbell v. Pierce County, Georgia,* at 1345. *See also, Rodriguez de Quinonez v. Perez,* 596 F.2d 486 (1st Cir.) *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979) (pre-termination hearing not required but post-termination hearing necessary in case involving liberty interest); *White v. Thomas,* 660 F.2d 680 (5th Cir. 1981) *cert. denied* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982) (post-termination hearing proper remedy for employee deprived of liberty interest during termination); *In re Selcraig,* 705 F.2d 789 (5th Cir.1983) (state need only inform stigmatized employee that the opportunity to clear his name exists upon request; pre-termination hearing is not a prerequisite to publication).

The City of Plant City, Florida, has a grievance procedure that was apparently available to Buxton. His failure to utilize that procedure is of no moment at this

time because we speak here of what is constitutionally required when the liberty interest is implicated, not what may or may not have been available to Buxton. We hold that a public employer is required to provide the opportunity for a post-termination name-clearing hearing when stigmatizing information is made part of the public records, or otherwise published. Notice of the right to such a hearing is required.

*Buxton v. City of Plant City, Fla. supra,* 871 F.2d at 1046 (footnote omitted).

*Buxton* is dispositive. While the plaintiff's state law remedy is adequate to redress his property deprivation, it does not redress the alleged liberty interest injury to his reputation. The County is obligated to provide the plaintiff with a hearing at which he has a chance to clear his name.

■ Section 125.73(2) and Foster's employment contract provided that he could only be terminated as county administrator *upon notice,* and after a hearing if he so requested. The County has repeatedly asserted that Foster did not request a hearing. That may be true, but the allegations of the complaint, which I accept as true for purposes of ruling on the motions, are that Foster did not receive prior notice as required. It is unlikely that he requested a hearing if he did not even know that the defendants were considering terminating him. In *Buxton,* the employee, like Foster, had never requested a hearing, but the Eleventh Circuit found that to be irrelevant, and held that the City had an affirmative duty to give Buxton notice of his right to a name-clearing hearing. 871 F.2d at 1046. The allegations of the amended complaint adequately plead a deprivation of Foster's procedural due process rights.

■ The defendants also maintain that Green's statements at the county commission meeting, even if defamatory, are not stigmatizing within the legal meaning of the term. The County contends that to be stigmatizing in the context of a stigma-plus Section 1983

claim, a statement must accuse the plaintiff of dishonesty or immorality, citing *Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548, 559 (1972). The individual defendants make the same argument, citing two Tenth Circuit cases: *Conaway v. Smith,* 853 F.2d 789 (10th Cir.1988), and *Sullivan v. Stark,* 808 F.2d 737 (10th Cir.1987).

■ Even if I accept the defendants' position, Green's alleged statement that Foster had charged personal expenses to the County is, of course, an accusation of dishonesty. The defendants assert that since it was not made at the time of the discharge, it is not relevant. That is not a correct statement of the law. "It is true that statements remote in time from the employment decision are not actionable." *Andreu v. Sapp,* 919 F.2d 637, 645 (11th Cir.1990). However, a stigmatizing statement must only have been made in connection with the discharge, not at the time of termination. *Id.* As the Eleventh Circuit recognized in *Andreu v. Sapp,* the question of how closely connected temporally the stigmatizing statement must be to the termination is somewhat murky. However, in *Buxton v. City of Plant City, Fla.,* the Eleventh Circuit held that publication of false and stigmatizing reasons for the plaintiffs dismissal *three years* after termination was actionable. 871 F.2d at 1046. The inference I must draw from the complaint is that Green connected his allegation that Foster had charged personal expenses to the County with Foster's discharge. This alone precludes dismissal of Count I with regard to Green.[2]

■ More importantly, not one of the cases cited by the defendants held that only an accusation of dishonesty or immorality is actionable. In *Board of Regents v. Roth,* the Supreme Court of the United States held that the nonrenewal of Roth's contract might have been action if it was based "on a charge, for example, that he had been guilty of dishonesty, or immorality," 408 U.S. at 573, 92 S.Ct. at 2707, 33 L.Ed.2d at 558, or if the State had otherwise imposed on him "a stig-

2. Nor does the defendants' contention that Florida law required them to state their accusations publicly relieve them of liability. *Buxton v. City*

*of Plant City, Fla.,* 871 F.2d 1037, 1045 (11th Cir.1989).

ma or other disability that foreclosed his freedom to take advantage of other employment opportunities." 408 U.S. at 573, 92 S.Ct. at 2707, 33 L.Ed.2d at 559. *See also Von Stein v. Brescher,* 904 F.2d 572, 580 (11th Cir.1990) (construing *Board of Regents v. Roth* in this manner). An injury to reputation, sufficient to significantly foreclose (not merely slightly hinder) an employee's future job opportunities is legally stigmatizing.

█ The Tenth Circuit cases cited by the individual defendants reached the same result:

> The concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor and integrity; and 2) his freedom to take advantage of other employment opportunities. The manner in which a public employee is terminated may deprive him of either or both of these liberty interests. When the termination is accompanied by public dissemination of the reasons for dismissal, and those reasons would stigmatize the employee's reputation *or foreclose future employment opportunities,* due process requires that the employee be provided a hearing at which he may test the validity of the proffered grounds for dismissal.

*Sullivan v. Stark,* 808 F.2d 737, 739 (10th Cir.1987) (quoting *Miller v. City of Mission, Kansas,* 705 F.2d 368, 373 (10th Cir.1983)). *See also Conaway v. Smith,* 853 F.2d 789, 795 (10th Cir.1988); *Eames v. City of Logan,* 762 F.2d 83, 85–86 (10th Cir.1985); *McGhee v. Draper,* 639 F.2d 639, 642–43 (10th Cir. 1981). In short, a false statement is legally stigmatizing if it (1) impinges the subject's character by stating or implying that he is dishonest or immoral, or (2) if it so sullies the subject's reputation that he is rendered unemployable. *Von Stein v. Brescher,* 904 F.2d 572, 580 (11th Cir.1990); *Buxton v. City of Plant City, Fla.,* 871 F.2d 1037, 1045 (11th Cir.1989).

Both *Sullivan v. Stark* and *Conway v. Smith,* cited by the individual defendants, involved motions for summary judgment decided on the record. Summary judgment was appropriate because neither plaintiff had presented *any evidence* that he had been foreclosed from other employment opportunities.

This case is before me on a motion to dismiss, not a motion for summary judgment. As noted above, in ruling on a motion to dismiss, I must accept all the alleged facts as true and find all inferences from those facts in a light most favorable to the plaintiff. *See, e.g., Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). The second amended complaint alleges that the defendants' stigmatizing statements have permanently prevented the plaintiff from obtaining other employment as a county administrator. This allegation of foreclosure of employment opportunities states a claim upon which relief may be granted.

Finally, defendants Lockey and Spires contend that Count I should be dismissed against each of them because only Green is alleged to have made the false, stigmatizing statements. However, the second amended complaint alleges that Lockey and Spires knew that Green's statements were false, and that they publicly ratified and adopted those statements. This sufficiently alleges a claim against these defendants.

For the foregoing reasons, the motions to dismiss Count I of the second amended complaint are DENIED.

DONE AND ORDERED.