FILED
United States Court of Appeals
Tenth Circuit

April 23, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MITCHELL FOX-RIVERA,

Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
PUBLIC HEALTH &
ENVIRONMENT, LABORATORY
SERVICES DIVISION; DAVID
BUTCHER; CYNTHIA SILVA
GURBACH,

Defendants-Appellees.

No. 14-1303
(D. Colorado)
(D.C. No. 1:14-CV-00737-RBJ)

ORDER AND JUDGMENT[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

This appeal arises from a dismissal for failure to state a valid claim.

The plaintiff, Mr. Mitchell Fox-Rivera, worked at a government laboratory.

---

[*] The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs. Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

After mistakes were made, laboratory supervisors allegedly blamed Mr. Fox-Rivera and fired him. If the firing impugned Mr. Fox-Rivera's reputation, his right to due process would be implicated. *See McDonald v. Wise*, 769 F.3d 1202, 1212 (10th Cir. 2014). In this case, we must decide: Did the State impugn Mr. Fox-Rivera's reputation when firing him for failure to carry out his job duties? We conclude that the State did not impugn Mr. Fox-Rivera's reputation and affirm the dismissal.

## I.     The Mistakes, the Firing, and the Suit

Mr. Fox-Rivera's laboratory was responsible for testing blood samples from individuals suspected of drunk driving. Authorities learned of mistakes in the testing process and fired Mr. Fox-Rivera. The press covered these testing errors and quoted authorities who had pinned the blame on Mr. Fox-Rivera. These press reports led Mr. Fox-Rivera to sue under 42 U.S.C. § 1983, claiming a deprivation of due process. The district court dismissed the suit, and Mr. Fox-Rivera appealed. On appeal, Mr. Fox-Rivera argues that the allegations were sufficient to state a claim for a liberty interest in his reputation.

## II.     Claim Against the Laboratory

The laboratory itself was one of the defendants. The district court held that the laboratory was an arm of the state, entitled to dismissal based on Eleventh Amendment immunity. Mr. Fox-Rivera has not challenged this part of the ruling.

2

### III.  Claim Against the Two Individual Defendants

Mr. Fox-Rivera also sued two individuals: Mr. David Butcher and Ms. Cynthia Gurbach. The claims against these two individuals were based on a denial of due process.

To survive a motion to dismiss, Mr. Fox-Rivera had to allege deprivation of a property interest or a liberty interest. *Hill v. Ibarra*, 954 F.2d 1516, 1524 (10th Cir. 1992). The district court dismissed the claims, holding that the individual defendants did not deprive Mr. Fox-Rivera of either right. He does not dispute the absence of a property interest, arguing instead that the defendants deprived him of a protected liberty interest. We disagree.

We review the dismissal de novo, focusing on whether Mr. Fox-Rivera's complaint states a plausible claim for relief. *McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014). To determine the plausibility of the claim, we assume the truth of all well-pleaded allegations in the complaint. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).

Applying this standard, we may assume that Mr. Fox-Rivera had a protected "liberty interest in his good name and reputation as they related to his continued employment." *McDonald*, 769 F.3d at 1212. With this assumption, however, Mr. Fox-Rivera would still need to plead facts indicating infringement of this liberty interest. To satisfy this pleading

3

burden, he had to allege a statement impugning his good name, reputation, honor, or integrity. *Id.*

The district court determined that Mr. Fox-Rivera had failed to satisfy this burden. In challenging this determination, Mr. Fox-Rivera points to five of the defendants' alleged statements:

1.  "[A]n investigation had been conducted that found that Mr. Fox-Rivera was [sic] wasn't putting enough blood into the device used to determine blood-alcohol content."

2.  "Mr. Fox-Rivera had failed to follow test protocols, opening the door for attorneys to challenge drunk-driving cases."

3.  "Mr. Fox-Rivera was the cause of and responsible for the flawed . . . blood-alcohol testing of drunk driver blood specimens."

4.  The department "had reanalyzed 1,300 of the 1,700 samples that it was retesting as a result of errors by Mr. Fox-River [sic], and identified 11 samples with 'significant' errors, all in the favor of defendants accused of drunk-driving."

5.  Ms. Gurbach stated in an email that Mr. Fox-Rivera had been terminated for "unsatisfactory performance."

Appellant's Opening Br. at 4 (citing Appellant's App. at 6-7).

These statements do not address Mr. Fox-Rivera's good name, reputation, honor, or integrity. At most, the State employees accused Mr. Fox-Rivera of negligence, failure to follow protocols, unsatisfactory work, or dereliction in performing his duties. These kinds of accusations would not implicate a protected liberty interest. *See Se. Kan. Cmty. Action Program, Inc. v. Sec'y of Agric.*, 967 F.2d 1452, 1458 (10th Cir. 1992)

4

("[C]harges involving negligence and neglect of duties . . . are insufficient to establish a liberty interest deprivation."); *Hicks v. City of Watonga*, 942 F.2d 737, 746 (10th Cir. 1991) (stating that charges "of poor work habits or failure to follow instructions . . . do not violate a liberty interest"); *Sullivan v. Stark*, 808 F.2d 737, 739 (10th Cir. 1987) ("[C]omplaints against [plaintiff] . . . which asserted that he was negligent or derelict in performing [his] duties . . . do not implicate concerns of a constitutional stature."); *Sipes v. United States*, 744 F.2d 1418, 1422 (10th Cir. 1984) (stating that the remarks referring to the plaintiff's lack of reliability did "not call into question [his] good name, reputation, honor, and integrity"). Thus, the district court correctly concluded that Mr. Fox-Rivera had failed to allege facts reflecting a deprivation of a liberty interest.

Mr. Fox-Rivera questions one sentence in the district court's opinion: "[I]n order to infringe on an employee's liberty interest, stigmatizing statements must include 'unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community.'" Appellant's App. at 119 (quoting *Melton v. City of Okla. City*, 928 F.2d 920, 927 (10th Cir. 1991) (en banc)).

According to Mr. Fox-Rivera, this statement was erroneous because a statement may be stigmatizing even if it does not reflect unfounded charges of dishonesty or immorality. But we need not decide whether the district court's statement went too far.

5

As noted above, we engage in de novo review. *See* p. 3, above. Engaging in this review, we can affirm on any ground supported by the record. *Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trs.*, 235 F.3d 1243, 1246 (10th Cir. 2000).

In *Melton v. City of Oklahoma City*, we stated that a pleading was sufficient when the plaintiff alleged termination of employment based on unfounded charges of dishonesty or immorality. 928 F.2d 920, 926-27 (10th Cir. 1991) (en banc). Citing *Melton*, we have stated that for a constitutional claim based on an employee's reputation, "the charges must implicate 'dishonesty or immorality.'" *Hicks v. City of Watonga*, 942 F.2d 737, 746 (10th Cir. 1991); *see also Palmer v. City of Monticello*, 31 F.3d 1499, 1503 (10th Cir. 1994) ("To support a claim for deprivation of a liberty interest, the plaintiff must show that a public employer took 'action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality . . . .'").

Mr. Fox-Rivera argues that we softened this requirement in *McDonald v. Wise*, where we held that a complaint sufficed when an employee was fired for "serious misconduct" involving a complaint of sexual harassment. 769 F.3d 1202, 1208, 1212 (10th Cir. 2014). In doing so, we did not say whether we viewed the complaint as one involving dishonesty or immorality.

6

As a result, Mr. Fox-Rivera argues that he could adequately plead a liberty interest even if the defendants had not impugned his honesty or immorality. For the sake of argument, we can assume that Mr. Fox-Rivera is correct. But this is not the problem with Mr. Fox-Rivera's complaint: The problem is that we have repeatedly held that statements involving unsatisfactory performance are not sufficiently stigmatizing for a protected liberty interest. *See* pp. 4-5, above (citing cases). Thus, even if we were to embrace Mr. Fox-Rivera's reading of *McDonald*, the complaint would not have sufficed. He still would have lacked a protected liberty interest.

## IV.  Conclusion

We affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7